**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

HECTOR J.A.S.,

                              Petitioner,

v.

RYAN SHEA, *Sheriff, Freeborn County, MN*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; and

TODD BLANCHE, *Acting United States Attorney General*,

                              Respondents.

Civil No. 26-2242 (JRT/DLM)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Paschal O. Nwokocha, **NWOKOCHA & OPERANA LAW OFFICES, LLC**, 105 Fifth Avenue South, Suite 550, Minneapolis, MN 55401, for Petitioner.

David J. Walker, **FREEBORN COUNTY ATTORNEY'S OFFICE**, 411 South Broadway Avenue, Albert Lea, MN 56007, for Respondent Ryan Shea.

David W. Fuller and Jaymarie A. Miranda, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for the Federal Respondents.

Petitioner Hector J.A.S. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on April 13, 2026.  Hector J.A.S. petitions for a writ of habeas corpus, arguing that ICE is unlawfully detaining him.  Because the Court concludes

that Hector J.A.S.'s detention is unlawful, the Court will grant his petition for writ of habeas corpus and order that he be released from custody.

## BACKGROUND

Hector J.A.S. is a citizen of Ecuador and a Minnesota resident. (Pet. Writ of Habeas Corpus ("Pet.") ¶ 15, Apr. 14, 2026, Docket No. 1.) He entered the United States without inspection on September 29, 2023. (*Id.* ¶ 16.) On October 4, 2023, United States Customs and Border Protection encountered Petitioner at Cyril E. King Airport in St. Thomas, United States Virgin Islands. (Decl. of Ivan Sabin ("Sabin Decl.") ¶ 4, Ex. C, Apr. 16, 2026, Docket No. 8.) Petitioner was served with a Notice to Appear and was released under an Order of Recognizance due to limited bed space. (*Id.*)

On May 3, 2024, Petitioner filed an asylum application, which remains pending. (Pet. ¶ 17.) On October 2, 2024, Petitioner applied for a work permit, and that application was approved on October 29, 2024; his work permit expires on October 29, 2029. (Sabin Decl. ¶ 4, Ex. C.)

On March 16, 2025, Petition was arrested for Driving While Impaired; on June 24, 2025, he was convicted of Fourth Degree Driving While Impaired under Minn. Stat. § 169A.20, subd. 1(5), a misdemeanor. (*Id.*); *see also* Minn. Stat. § 169A.27. On April 12, 2026, Hector J.A.S. was arrested again for Driving While Impaired in Wright County, Minnesota and taken into custody. (Sabin Decl. ¶ 4, Ex. C.) That same day, ICE filed an immigration detainer with the Wright County Jail, requesting that jail personnel call ICE before releasing Petitioner from custody because ICE had probable cause to believe that

Petitioner lacked immigration status or was otherwise removable and because Petitioner "otherwise pose[d] a risk to national security, border security, or public safety." (Sabin Decl. ¶ 4, Ex. D.) ICE also issued a Form I-200 administrative warrant for Petitioner's arrest on April 12, 2026. (Sabin Decl. ¶ 4, Ex. B.) On April 13, 2026, ICE served Petitioner with the arrest warrant at the Freeborn County Jail, where he remains in custody. (*Id.*)

On April 14, 2026, Hector J.A.S. filed a petition for writ of habeas corpus, challenging the lawfulness of his detention. (Docket No. 1.) That same day, the Court issued an order which, among other things, (1) enjoined Respondents from transferring Petitioner outside the District of Minnesota pending a ruling on his habeas petition or returning Petitioner to Minnesota if he had already been removed, and (2) directed Respondents to file an answer by April 16, 2026. (Docket No. 5.) Respondents timely filed a response (Docket No. 7), and Petitioner replied (Docket No. 9).

**DISCUSSION**

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2). Petitioner concedes that the Eighth Circuit's recent decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) forecloses his statutory arguments concerning the applicability of § 1225(b)(2), but he maintains that his continued detention violates his procedural due process rights under the Fifth Amendment of the United States Constitution. Respondents disagree and argue that Petitioner's detention comports with procedural due process. After carefully reviewing the record and the parties' arguments,

the Court finds it unnecessary to address Petitioner's due process claims because the Court concludes that Petitioner's detention is unlawful on other grounds.

Respondents' position suffers flaws on two fronts.  **First**, Respondents did not arrest Petitioner under 8 U.S.C. § 1225(b)(2).  Indeed, until Hector J.A.S. filed his habeas petition, Respondents represented to Hector J.A.S. that he was not subject to mandatory detention under § 1225(b)(2) because they invoked the discretionary detention provisions of 8 U.S.C. § 1226 in the Form I-200 administrative warrant.  The warrant was directed to: "Any immigration officer authorized pursuant to sections 236 [8 U.S.C. § 1226] and 287 [8 U.S.C. § 1357] of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations."  (Sabin Decl. ¶ 4, Ex. B.)  Because Respondents represented to Petitioner that his arrest was based on § 1226(a), the Court will hold Respondent to those representations.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 970 (D. Minn. 2025).  The Court will therefore consider Petitioner subject to the discretionary detention framework set forth in 8 U.S.C. § 1226.

Section 1226(a) states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  In other words, to detain a noncitizen under § 1226(a), a warrant is required.  *See Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn.

Jan. 5, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." (citation omitted)).

Upon review of the warrant presented by Respondents, the Court concludes that Petitioner's detention is unlawful because it appears that ICE did not serve him with the Form I-200 administrative warrant until **after** he was arrested at the Wright County Jail and transported to the Freeborn County Jail, where he remains in ICE custody. (*See* Sabin Decl. ¶ 4, Ex. B (certifying "that the Warrant for Arrest of Alien was served by [the arresting officer] at Freeborn County Jail"). Because the warrant was not served until after he was taken into custody by ICE and in detention at the Freeborn County Jail, the warrant is invalid. *See Ruben D.A.G. v. Blanche*, Civ. No. 26-2041, slip op. at 5 (D. Minn. Apr. 20, 2026) (disregarding Form I-200 administrative warrant that "clearly was not served on Petitioner until he arrived at the Freeborn County Adult Detention Center" after being arrested at the Rice County Courthouse). Because the warrant is invalid, Petitioner's detention under 8 U.S.C. § 1226 is unlawful. *Gabriela G. v. Noem*, Civ. No. 26-590, 2026 WL 242007, at *2 (D. Minn. Jan. 29, 2026) ("[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." (citation omitted)).

**Second**, to the extent Petitioner is an "applicant for admission" and is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), *see Avila*, 170 F.4th at 1138, it does not follow that Petitioner can be arrested and detained pursuant to § 1225(b)(2) without first

complying with 8 U.S.C. § 1357(a), which addresses federal immigration officials' authority to make warrantless arrests. Under § 1357(a)(2), an immigration officer may "arrest any alien in the United States" without a warrant "if he has reason to believe that the alien . . . is in the United States in violation of any such law or regulation **and** is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2) (emphasis added). After the warrantless arrest is made, noncitizens "shall be taken without unnecessary delay for examination before an officer of the Service . . . to examine aliens as to their right to enter or remain in the United States." *Id.* The Eighth Circuit has interpreted "the term 'reason to believe' in § 1357(a)(2) [to] mean[] constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

Although the record supports the inference that that there was probable cause to believe that Petitioner was unlawfully present in the United States, the record is void of evidence that Petitioner was likely to escape before a **valid** warrant could be obtained and properly executed. Just because a noncitizen is unlawfully present in the United States does not mean that he or she is likely to escape. *Ruben D.A.G.*, Civ. No. 26-2041, slip op. at 8 ("Anyone without a lawful presence does not immediately present a likelihood of escape merely by being a noncitizen."). To hold that a noncitizen is likely to escape merely because they are removable would effectively collapse § 1357(a)(2)'s two distinct requirements into one: Section 1357(a)(2) requires that the officer must have "reason to believe" that (1) the noncitizen is in the United States illegally **and** (2) the

noncitizen is "likely to escape before a warrant can be obtained for his arrest."  If every noncitizen that is here illegally is presumed likely to escape authorities, then § 1357(a)(2)'s second, independent requirement is rendered superfluous.  *See Corley v. United States*, 556 U.S. 303, 314, (2009) ("[A] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant[.]").  Respondents make no effort to justify Petitioner's arrest under 8 U.S.C. § 1357(a).  Because Respondents have not shown that Petitioner was likely to escape, they failed to comply with 8 U.S.C. § 1357—the requirement for arresting a noncitizen without a warrant.  Respondents, therefore, improperly arrested and detained Petitioner under 8 U.S.C. § 1225(b)(2).

In sum, the Court concludes that Petitioner's detention is unlawful.  Respondents represented to Petitioner in the Form I-200 administrative warrant that he was being arrested and detained under 8 U.S.C. § 1226, which requires a warrant.  Because the warrant presented by Respondents is invalid, Petitioner cannot be legally detained under § 1226.  But even if Respondent is detained under 8 U.S.C. § 1225(b)(2)—which may not require a warrant—Respondents have failed to show that the warrantless arrest was justified under 8 U.S.C. § 1357.

The Court therefore turns to the proper remedy.  Because ICE failed to comply with federal immigration law when arresting and detaining Petitioner and because Respondents have not justified Petitioner's continued detention, release is the proper

remedy.  *See, e.g.*, *Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, Civ. No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

Accordingly, the Court will grant Hector J.A.S.'s petition for writ of habeas corpus and order that he be released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Hector J.A.S.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

1.  Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

2.  Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.

3.  The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on May 11, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

-8-

-9-

DATED:  May 6, 2026  _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.  JOHN R. TUNHEIM
United States District Judge